UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID H. ISRAEL and
CYNTHIA M. ISRAEL.,

      Plaintiffs,

v.                                            Case No. 3:18-cv-548-J-34JRK

C.R. BARD, INC., and DAVOL INC.,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. On April 23, 2018, Plaintiffs initiated the instant action by filing the eight-count Plaintiffs' Original Complaint and Demand for Jury Trial (Doc. 1; Complaint) against Defendants. In the Complaint, Plaintiffs assert that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000. See Complaint ¶ 10. However, upon review of the Complaint, the Court is unable to determine whether it has jurisdiction over this action.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may

be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. However, the Court is unable to determine the citizenship of Defendants C.R. Bard, Inc. and Davol Inc. from the allegations in the Complaint. "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed). Here, although Plaintiffs identify each Defendant's principal place of business, Plaintiffs fail to disclose the state or states where Defendants are incorporated. See 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated . . . ."). As such, the Court lacks sufficient information to determine the citizenship of Defendants C.R. Bard, Inc. and Davol Inc. and whether the parties to this action are diverse.

In light of the foregoing, the Court will give Plaintiffs an opportunity to provide the Court with additional information to establish Defendants' citizenship, and this Court's diversity jurisdiction over the instant action. Accordingly, it is

**ORDERED**:

Plaintiffs shall have until **May 11, 2018**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on April 26, 2018.

*MARCIA MORALES HOWARD*
United States District Judge

lc11
Copies to:

Counsel of Record